JED FRYE & CO. v. THEO. KELLER.

Decided January 8, 1903.

**Sale by Broker—Meeting of Minds—Confirmation.**

Where a broker, having only authority to make sales subject to confirmation by plaintiffs, took an order for goods from defendants at a certain price, but reported the sale to plaintiffs at a different price, and it was confirmed and the goods shipped, there was no sale, as there was no meeting of the minds of the parties on a sale at the price given by the broker, and plaintiff was entitled to recover the goods from the defendant, or their value.

Appeal from the County Court of Harris. Tried below before Hon. E. H. Vasmer.

*H. R. Mitchell,* for appellants.

*W. P. & A. R. Hamblen,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by Jed Frye & Co. in the County Court of Harris County against Theo. Keller for the recovery of 250 cases of sardines, or their value, which were alleged to have belonged to the plaintiffs and to have been converted by the defendant. The trial was by the court without a jury and resulted in a judgment in favor of the defendant.

One J. G. Leavell, a broker in the city of Houston, about the last of September, 1899, claiming to represent the plaintiffs, solicited and procured from the defendant an order for 200 cases of sardines at $2.75 a case, but never transmitted the order to the plaintiffs. Leavell was a merchandise broken, and had special authority from the plaintiffs to solicit orders for them subject to confirmation by them. Afterwards, October 30, 1899, Leavell sent plaintiffs a telegram advising them that he had received their circular quoting sardines at $3.55 a case f. o. b. New York, and had sold a car, asking confirmation.. Plaintiffs replied confirming the sale, subject to names of purchasers and assortment of goods wanted. Leavell then advised plaintiffs by wire and letter that Theo. Keller had bought 175 cases of oil sardines and 75 cases of mustard sardines, and that W. D. Cleveland & Co. had bought 150 cases oils and 50 mustards. Leavell asked that both lots of the goods be shipped to him via the Morgan line of steamers so that the buyers could get the benefit of carload freight rates. The statements of Leavell were not true. Theo. Keller had not bought any sardines at all from him, except the order for 200 cases, at $2.75 a case above mentioned. The plaintiffs believed the statements to be true and shipped the 450 cases of sardines to Leavell and sent invoices for 250 cases to Keller, dated November 6 and November 7, 1899. By mistake of the clerk the first invoice sent had the price of the sardines billed at $2.70 a case for oils and $2.73 a case for mustards, which was a mistake of $1 a case, but almost immediately the error was discovered, and on November 7,

1899, a corrected invoice was sent showing the price to be $3.70 a case for 175 cases · of oils and $3.73 a case for 75 cases mustards, which would be at the rate of $3.55 a case f. o. b. New York. Plaintiffs prepaid the freight. The goods were shipped from New York November 6, 1899, consigned to J. G. Leavell, and arrived at Houston November 16th, and on November 18, 1899, were delivered to Theo. Keller on the order of Leavell. The corrected invoice was marked conspicuously "Corrected bill; previous one rendered a clerical error of $1 per case having been made in invoice already received." This corrected invoice was received by Keller. Fifty cases of the sardines were returned by Keller to Leavell after they had been received. Leavell sold them to another party at $2.75 a case and delivered the money to Keller with the request that he would remit it to the plaintiffs. Upon the expiration of sixty days, when the price of the goods became payable, the defendant remitted to the plaintiffs exchange for $687.50, being the amount for 250 cases at $2.75. Plaintiffs received the remittance, collected the exchange and gave the defendant credit therefor and notified him that the sale had been reported to them at $3.55 a case f. o. b. New York, which was equivalent to $3.70 on oils and $3.73 for mustards. After the sale by Leavell to the defendant of 200 cases at $2.75 a case in September there was a sharp advance in the price of sardines. Leavell had been corresponding with plaintiffs and had received quotations from them for a year prior to this transaction, but he was never in the employ of Jed Frye & Co. and was not a salesman of theirs. He was a merchandise broker, and endeavored to make sales by soliciting orders and submitting them to plaintiffs for their approval and acceptance.

Leavell had only a special and limited authority to make sales subject to confirmation by the plaintiffs. The sale of 200 cases of sardines at $2.75 which he contracted with Keller in September was never submitted to plaintiffs for confirmation and was never completed. Plaintiffs shipped the goods on the reported sale of October 30, 1899, at $3.70 and $3.73 a case. The minds of the parties never met on a sale at $2.75 a case, and no such sale was ever consummated. Plaintiffs were entitled to recover the possession of their goods from the defendant, or their value if the goods could not be recovered. But the defendant should not be held liable for the 50 cases returned to Leavell. He should be charged with 150 cases oils at $3.70 a case and 50 cases of mustards at $3.73 a case, and credited with the difference between 50 cases at $275 a case and the sum of $687.50 remitted to the plaintiffs, which would show a balance of $191.50. The judgment of the court below will be reversed and judgment will be here rendered in favor of the plaintiffs for the balance above shown.

*Reversed and rendered.*